IN THE UNITED STATES DISTRICT COURT IN AND
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
OCT 17 2003
ROBERT D. DENNIS
U.S. DIST COURT, WESTERN DIST OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| VISIONQUEST NATIONAL, LTD., an Arizona Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAMS SCOTSMAN, INC., a Maryland Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-03-0266M<br>)<br>)<br>)<br>)<br>)<br>) |

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, VisionQuest National, Ltd., an Arizona corporation ("VisionQuest"), and for its causes of action against the above-named Defendant alleges and states as follows:

## JURISDICTION AND PARTIES

1. VisionQuest is a corporation organized under the laws of the state of Arizona, and has had its principal place of business in Tucson, Arizona at all pertinent times hereto. Plaintiff is a national youth services organization providing early intervention programs and services to at-risk youth.

2. Defendant Williams Scotsman, Inc. ("Williams Scotsman") is a corporation organized under the laws of the state of Maryland with its principal place of business in Baltimore, Maryland, registered and doing business in the Western District of Oklahoma. Defendant is in the business of selling and leasing mobile offices and modular buildings.

3. This Court has original jurisdiction of the parties by virtue of complete diversity of citizenship between the parties and that the amount in controversy is in excess of $75,000.00

exclusive of interest and costs. Venue lies in this judicial district by virtue of 28 U.S.C. § 1391(a) because the Defendant resides in the Western District of Oklahoma.

## **GENERAL ALLEGATIONS**

4. In or about November, 1997, VisionQuest entered into a contract with Williams Scotsman concerning the purchase of modular building units for VisionQuest's new residential facility located in Wewoka, Oklahoma. In addition to the sales price, VisionQuest agreed to pay Williams Scotsman for complete delivery and set-up of the units, including material and labor, and all interior and exterior trim work. Pursuant to the contract, Williams Scotsman warranted its product free of defects in material and workmanship for a period of one (1) year.

5. In January and February, 1998, Williams Scotsman commenced construction and installation of the modular building units at the Wewoka site and delivered the modular building units to the Plaintiff on or about April 1, 1998. However, the goods and services sold by Williams Scotsman were materially defective in, among others, the following respects:

(a) Latent defects in the design, manufacturing, and installation of the modular building units;

(b) Vertical joints between the building modules were not appropriately designed, detailed, or constructed to prevent water from entering at joint locations;

(c) Poor workmanship in setting and sealing the modules; and

(d) Looseness of construction and bad joints.

6. Williams Scotsman had written and actual notice of these defects prior to the expiration of the warranty period. Williams Scotsman failed to properly correct the defects, which

has resulted in extensive water damage to the modular structures, loss of value, costs of attempting to repair the defects, damage to the contents and additional consequential damages.

## COUNT ONE
### (BREACH OF EXPRESS CONTRACT)

7. Plaintiff adopts and realleges paragraphs 1 through 6 of this First Amended Complaint.

8. The contract between VisionQuest and Williams Scotsman contained an express one-year warranty. VisionQuest provided timely written and actual notice to Williams Scotsman of the above-described material defects, which Williams Scotsman failed to properly correct.

9. By failing to remedy the defects, Williams Scotsman breached its contract with VisionQuest and is therefore liable to VisionQuest for all damages which VisionQuest has sustained as a result thereof, which damages VisionQuest alleges to be in excess of One Hundred Thousand Dollars ($100,000.00).

10. This is an action wherein the Plaintiff, VisionQuest National, Ltd., may recover interest, costs of this action, expert witness fees, and a reasonable attorney's fee.

## COUNT TWO
### (BREACH OF IMPLIED WARRANTIES)

11. Plaintiff adopts and realleges paragraphs 1 through 6 of this First Amended Complaint.

12. In addition to the allegations set forth herein supporting the breach of the express one-year warranty, the defects in the material and workmanship and the Defendant's failure to repair and replace same as needed, constitute a breach of the implied warranties of completion in a

workmanlike manner, fitness for particular purpose, fitness for use and occupancy, and the implied warranty of habitability.

13. As a result of the Defendant's breach of its implied warranties as herein alleged, VisionQuest is entitled to recover such damages as will compensate Plaintiff for all losses sustained, including costs of expert witnesses and other costs associated with attempting to obtain relief under the warranties, plus court costs and attorneys fees.

### COUNT THREE

(NEGLIGENT DESIGN, PLANNING, CONSTRUCTION
AND SUPERVISION OF CONSTRUCTION OF
IMPROVEMENTS TO REAL PROPERTY )

14. Plaintiff adopts and realleges paragraphs 1 through 6 of this First Amended Complaint.

15. In addition to the allegations set forth herein, VisionQuest alleges the Defendant owed a duty to Plaintiff to properly design, plan, construct and supervise the construction of the Wewoka modular facility. Defendant breached this duty and negligently designed, planned, constructed and supervised construction of the modular units, and in particular the vertical joints of the modular units, which caused water damage to the completed structure and other damages as herein alleged.

16. As a result of the Defendant's breach, VisionQuest is entitled to recover such damages as will compensate Plaintiff for all losses sustained which Plaintiff alleges to be in excess of $100,000.00, including costs of expert witnesses, court costs and attorneys fees.

WHEREFORE, Plaintiff prays for judgment against Defendant for $298,594.50, along with interest, attorney's fees and costs.

Respectfully submitted,

*/s/ W. David Pardue/*

W. David Pardue, OBA #6886
Ronald R. Tracy, OBA #17355
Eagleton & Nicholson, P.C.
3100 Bank One Center
100 North Broadway
Oklahoma City, OK 73102
Telephone (405) 236-0550 Fax: (405) 236-0560
Attorneys for Plaintiff

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

F:\PARDUE\VisionQuest\SecondAmendedComplaint.wpd.wpd